# United States District Court, Northern District of Illinois

MHW

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10-C-3067 | **DATE** | September 9, 2010 |
| **CASE TITLE** | Ward v. Thomas | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS the Government's Motion to Dismiss (doc. #8). The Court dismisses Ward's petition without prejudice as prematurely filed. The Court DENIES Ward's Motion for Appointment of Counsel (doc. #12).

■[ For further details see below.]      Docketing to mail notice.

## STATEMENT

In 1976, William Ward was convicted in the Northern District of Indiana of possession with the intent to distribute heroin. In 1982, Ward was released on parole, with his sentence to expire in 1991. In 1985, however, Ward was arrested for murder and robbery in the state of Indiana. The Government issued a warrant for Ward for violating the conditions of his parole and placed the warrant as a detainer while Ward was in the custody of the state of Indiana. See 18 U.S.C. § 4214(b)(1). Ward was convicted of murder and robbery and received concurrent 80- and 50-year sentences.

In 2005, the Government affirmed its decision to let the detainer. In 2008, Ward requested that the Government withdraw the retainer, but the Government denied that request, advising him that he would receive a parole revocation hearing when returned to federal custody. In April 2010, the state of Indiana granted Ward parole and he was released to the custody of the U.S. Marshal. The U.S. Marshal brought Ward to the Metropolitan Correctional Center (MCC) in Chicago, Illinois.

Ward then filed this petition, ostensibly under 28 U.S.C. § 2241(a), stating that the Government had taken him into custody without informing him of the basis for his detainment. Since that time, the Government found probable cause to revoke Ward's federal parole and provided Ward with a letter informing him that it would conduct a parole revocation hearing at which he could request the assistance of counsel. See 28 U.S.C. § 4214(c). Ward was then transferred to the Federal Transfer Center in Oklahoma City, Oklahoma. It appears that Ward was given a parole revocation hearing because the Bureau of Prisons website reflects that he is incarcerated at USP Leavenworth in Leavenworth, Kansas. In response to the Government's Motion to Dismiss, Ward had asked the Court to either stay this case pending the hearing or to dismiss the suit without prejudice.

## STATEMENT

    A § 2241(a) petition filed before an administrative appeal of parole revocation is premature. *Moore v. Olson*, 368 F.3d 757, 758 (7th Cir. 2004). Among other things, as has happened in this instance, when a detainee is in the process of undergoing parole revocation proceedings, he may be moved to various facilities within the Bureau of Prisons, and the § 2241(a) entitles judges to issue writs of *habeas corpus* only within their respective jurisdictions. 28 U.S.C. § 2241(a); *see also Moore*, 368 F.3d at 759-60 (concluding that § 2241(a)'s reference to jurisdiction should be taken as a special venue rule, which can be waived, and further noting that a district court has no personal jurisdiction over a custodian whose facility is not in that district).

    Neither Ward nor the Government has supplemented the briefs to inform the Court whether Ward has filed an administrative appeal of his parole revocation or even that he was given a parole revocation hearing (the Court infers that it was, given that the Ward and the Government state that it was scheduled for the week of August 16, 2010, and that Ward has been transferred to USP Leavenworth). Moreover, the Government has not moved to substitute the respondent or suggested that it waives the issue of personal jurisdiction. Ordinarily, the Court would transfer Ward's suit to the District of Kansas, but it is not aware of Ward's actions in that District, specifically whether he might have filed a duplicate proceeding in that District. Rather than potentially muddy up the waters and creating two cases for one claim, the Court will dismiss Ward's petition without prejudice so that he may file any claims he has regarding the constitutionality of his confinement once he has exhausted any administrative remedies he may have. If Ward remains incarcerated at USP Leavenworth, the Court notes that any such petition should be filed in the District of Kansas, where his custodian is located.

*Wm. J. Hibbler*